IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| ARNCO TECHNOLOGY TRUST LTD., | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | |
| | ) | **NOTICE OF REMOVAL** |
| v. | ) | |
| | ) | |
| POSTLE INDUSTRIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF REMOVAL OF DEFENDANT POSTLE INDUSTRIES, INC.**

Pursuant to 28 U.S.C. §§ 1441(a), 1441(b), and 1332, Defendant Postle Industries, Inc, through undersigned counsel, hereby files and serves this Notice of Removal to remove this action from the 281st Judicial District, District Court of Harris County Texas, to this United States District Court, based upon the following:

1. On April 7, 2010, Arnco Technology Trust, Ltd. ("Arnco"), filed suit in the matter captioned Arnco Technology Trust Ltd. v. Postle Industries, Inc., 281st Judicial District, District Court of Harris County, Texas, Case No. 2010-21920 (the "State Court Action"). No service was requested of the initial Petition and Postle was never served with the initial Petition

2. An Amended Petition was filed on April 15, 2010. Service of the Amended Petition was requested by Arnco. The Texas Secretary of State mailed the summons and Amended Petition to Postle on May 6, 2010. (Exhibit "A"). The docket does not indicate when service was completed on Postle. (Exhibit "B"). This Notice of Removal is timely filed with this District Court within thirty days after the postmark date on the summons and Amended Petition sent by the Texas Secretary of State (May 6, 2010), and therefore, within thirty days of service of the Summons and Amended Petition on Postle.

95909/3478-009

3.      Removal of this action is proper under 28 U.S.C. § 1441(a) and (b) because this District Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Although no specific amount in damages is alleged in the Amended Petition in the State Court Action, the nature of the allegations indicates that an amount in excess of $75,000.00 is being sought. Arnco has alleged claims of business disparagement, tortious interference with business relations, false advertising, and unjust enrichment. Arnco is also seeking exemplary damages, attorneys' fees, and costs. Arnco alleges that Postle's conduct has damaged its reputation in the drilling industry and has allegedly caused a loss of sales. Arnco also states that Postle's alleged conduct will "injure Arnco's reputation and goodwill among its former, existing and prospective clients." *See* Amended Petition at ¶ 26, Ex. A. Furthermore, Arnco alleges that Postle's alleged conduct has "jeopardized negotiations with current business relationships and future business relationships, for which damages are sought." *Id.* These allegations signify that Arnco is seeking damages in excess of $75,000.00 given (1) the nature of the costs and expenses in the hardbanding/drilling industry, (2) the unknown number of clients and potential clients that Arnco is claiming have ceased to buy product and/or do business with it, and (3) the allegation of damages into the future.

4.      There is complete diversity of the parties: Plaintiff Arnco is a Texas limited partnership with its principal place of business in Houston, Texas. Postle is an Ohio corporation with its principal place of business located in Brook Park, Ohio.

5.      Postle has given written notice to Plaintiff of this removal and will promptly file a copy of this Notice with the 281st Judicial District, Harris County Texas in the State Court Action as required under 28 U.S.C. § 1446(d) in the form set forth at Exhibit "C" hereto.

WHEREFORE, Postle Industries, Inc. respectfully requests that the State Court Action be removed to this District Court from the 281st Judicial District Court in Harris County, Texas.

THE CAMBERG LAW FIRM, P.C.

_____
Roy Camberg
State Bar No. 03674595
17225 El Camino Real, Suite 444
Houston, Texas 77058
Tel: 281-486-6900
Fax: 281-486-4695

*Counsel for Defendant Postle Industries, Inc.*

## CERTIFICATE OF SERVICE

A copy of the foregoing Notice of Removal was mailed on June ___, 2010 to Glen M. Boudreaux, Jackson Walker, LLP, 1401 McKinney, Suite 1900, Houston, Texas, 77010.

_____
Roy Camberg