# The State of Texas



### Secretary of State

Citations Unit
P.O. Box 12079
Austin, Texas 78711-2079

Phone: 512-463-5560
Fax: 512-463-0873
TTY (800) 735-2989
www.sos.state.tx.us

May 6, 2010

Postle Industries Inc
Registered Agent, John G Postle
5349 W 161st St
Brook Park, OH 44142-1609

> **2010-182808-1**
> Include reference number in
> all correspondence

RE:  Arnoco Technology Trust Ltd Vs Postle Industries Inc
281st Judicial District Court Of Harris County, Texas
Cause No: 201021920

Dear Sir/Madam,

Pursuant to the Laws of Texas, we forward herewith by CERTIFIED MAIL, return receipt requested, a copy of process received by the Secretary of State of the State of Texas on April 30, 2010.

CERTIFIED MAIL #71603901984864536329

Refer correspondence to:

Crystal Jill Parker
Jackson Walker LLP
1401 McKinney Ste 1900
Houston, TX 77010

Sincerely,

*Helen Lupercio*

Helen Lupercio
Team Leader, Citations Unit
Statutory Documents Section

hl/gl
Enclosure

# EXHIBIT 1

CAUSE NO. 201021920

RECEIPT NO. 377067          0.00      ATY
04-15-2010                TR # 72526201

PLAINTIFF: ARNCO TECHNOLOGY TRUST LTD          In The 281st
vs.                                            Judicial District Court
DEFENDANT: POSTLE INDUSTRIES INC               of Harris County, Texas
                                               281ST DISTRICT COURT
                                               Houston, TX

CITATION (SECRETARY OF STATE CORPORATE NON-RESIDENT)

THE STATE OF TEXAS
County of Harris

TO: POSTLE INDUSTRIES INC (OHIO CORPORATION) BY SERVING THE TEXAS
    SECRETARY OF STATE CITATIONS UNIT P O BOX 12079 AUSTIN TEXAS 78711-2079
    FORWARD TO: ITS REGISTERED AGENT JOHN G POSTLE
    5349 W 161ST STREET  BROOK PARK OH 441421609

    Attached is a copy of <u>PLAINTIFF'S FIRST AMENDED PETITION VERIFIED PETITION FOR TEMPORARY</u>
<u>RESTRAINING ORDER TEMPORARY INJUNCTION AND PERMANENT INJUNCTION</u>

This instrument was filed on the <u>15th day of April, 2010</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 20th day of April, 2010, under my hand and          00182808
seal of said Court.

Issued at request of:                    LOREN JACKSON, District Clerk
PARKER, CRYSTAL JILL                     Harris County, Texas
1401 MCKINNEY #1900                      201 Caroline     Houston, Texas 77002
HOUSTON, TX 77010                        (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 724-4200
Bar No.: 24051432                        GENERATED BY: SOLIS, ADILIANI A.   4BH/4BH/8684244

OFFICER/AUTHORIZED PERSON RETURN

    Received on the ____ day of _____, _____, at _____ o'clock ____ .M., and

executed the same in _____ County, Texas on the ____ day of _____, _____, at

_____ o'clock _____ .M., by summoning the _____

    by delivering to _____, in person _____

a corporation _____ by leaving in the principal office during office hours

                    of the said _____ [*]-

RECEIVED
SECRETARY OF STATE

APR 30 2010

11:00 AM
CITATIONS UNIT

_____ of the said _____ —[2]—

a true copy of this notice, together with accompanying copy of

Serving _____ copy _____ $ _____

_____          By _____
          Affiant                                                           Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared . After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                              Notary Public

N.INT.SBCCN.P

Filed 10 April 15 P5:07
Loren Jackson - District Clerk
Harris County
ED101J015745594
By: edilani a. solis

CAUSE NO. 2010-21920

| | | |
|---|---|---|
| ARNCO TECHNOLOGY TRUST LTD. | § | IN THE DISTRICT COURT |
| PLAINTIFF, | § | |
| | § | |
| | § | |
| v. | § | 281st JUDICIAL DISTRICT |
| | § | |
| POSTLE INDUSTRIES, INC., | § | |
| | § | |
| DEFENDANT. | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED PETITION, VERIFIED PETITION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION, AND PERMANENT INJUNCTION

Plaintiff Arnco Technology Trust Ltd. ("Arnco"), by and through its attorneys, hereby brings the following first amended petition for damages, temporary restraining order, temporary injunction and permanent injunction against Defendant Postle Industries, Inc. ("Postle") and, in support thereof would show as follows:

I.

### DISCOVERY LEVEL

1.      Discovery in this case is intended to be conducted under a Level Two Discovery Control Plan pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.

II.

### PARTIES

2.      Arnco is a Texas limited partnership with its principal place of business at 3657 Briarpark, Houston, Texas 77042-5205.

3.      Postle is an Ohio corporation with its principle place of business in Cleveland, Ohio. Postle is engaged in business in the State of Texas, as more particularly described below, but does have a regular place of business in Texas and does not have a designated agent for

1

5781800v.1

service of process in the State of Texas. This lawsuit arose from or is connected with purposeful acts committed by Postle in the State of Texas. The foregoing constitute acts constituting business in the State of Texas according to Section 17.042 of the Texas Civil Practice & Remedies Code. Therefore, under Section 17.044(b) of the Texas Civil Practice & Remedies Code, Postle has appointed the Secretary of State of Texas as his agent for service of process. As such, Postle may be served through the Texas Secretary of State pursuant to Section 17.045 of the Texas Civil Practice and Remedies Code by having the Texas Secretary of State mail a copy of the citation and Plaintiff's First Amended Petition to the address of its registered agent in Ohio, John G. Postle, at 5349 W. 161st St., Brook Park, Ohio 44142-1609. Postle may also be served pursuant to Texas Rule of Civil Procedure 108 at the address of its registered agent.

III.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over Postle because this lawsuit arises out of activities conducted by Postle in Texas and because Postle directed its disparaging statements as described below at Arnco in Texas. The amount in controversy exceeds the minimum jurisdictional limits of this Court.

5.      Pursuant to Texas Civil Practice and Remedies Code Section 15.001 et. seq., venue is proper in Harris County, Texas because all or a substantial part of the events or omissions giving rise to Arnco's claims occurred in Harris County, Texas. Venue is also appropriate pursuant to Section 15.0017, as Harris County is the county in which Arnco resided at the time of the accrual of the cause of action.

2

FRI

## IV.

## FACTUAL BACKGROUND

6.     Arnco is engaged in the business of developing and marketing wear-resistant hardbanding products for the drilling industry in numerous states, including Texas, and countries.

7.     Arnco has been the leader in hardbanding technology since 1992.

8.     Arnco works primarily through its relationships with applicators, who apply Arnco's products onto tubular goods and equipment in the drilling industry.

9.     The role of these applicators is critical to Arnco because such entities are Arnco's primary contacts for sales of its products to the drilling industry.

10.     Postle also develops and markets hardbanding products for use in the drilling industry in Texas and numerous other states and countries. Postle is a direct competitor of Arnco

A.     Postle's publication of disparaging and false advertising concerning 300XT.

11.     On March 3, 2010, John Postle, on behalf of Postle, sent an email to Scott Day, and possibly others, stating "This is a photo of hardbanding, taken after drilling...of Duraband and 300XT. Note the pieces of metal falling out of 300XT. Duraband is wearing very well.  No Cracking...No pieces coming off.  Very easy to rebuild" (the "Email").  The Email contained a photograph of several segments of pipe, one of which was marked "Duraband NC" and one of which was marked "Arnco 300XT."  A true and correct copy of the Email, as forwarded to Arnco, is attached as Exhibit A  Scott Day is an employee of Weatherford, an applicator and customer of Arnco.

12.     The clear implication of the photograph and content of the email described in Paragraph 6 was that Arnco's product, 300XT, was defective.

3

13.     300XT is a hardbanding that is welded onto pipe used in the drilling industry. While Arnco manufactures the product, the welding of the product onto the pipe is performed by a third party, not Arnco.

14.     The implication that the segment of 300XT as depicted in the Email is defective is false and misleading.  Although it is impossible to determine from the photograph whether it even depicts 300XT, the defect shown in the photograph is a welding defect, not a defect in the hardbanding.  John Postle, the author of the Email, has enough experience in the drilling industry that he knew or should have known that the defect was a welding defect, not a defect in the 300XT.  Postle has extensive knowledge of both the drilling and welding industries.  The Email is false and misleading because it implies that the hardbanding itself is defective.

15.     The recipients of the Email from Postle republished it to others and will likely continue to republish the Email.  Arnco cannot determine the full extent of the publication of the Email.

B.     Postle's publication of disparaging and false advertising concerning 100XT.

16.     In December of 2009, Arnco released a new hardbanding product, 150XT.  The 150XT product was designed as an improvement to the 100XT, Arnco's original non-cracking, rebuildable hardbanding product that was released in 2001, to achieve increased durability.  The durability profile of the 150XT is industry leading.

17.     On March 18, 2010, John Postle, on behalf of Postle, sent a defamatory and disparaging letter (the "Letter") to many applicators in the drilling industry, and possibly to others.

18.     Postle's Letter contained false and disparaging allegations that Arnco is engaged in "mislead[ing] the industry," that 150XT, advertised by Arnco as a technologically advanced

product, is an "old product" that is not technologically advanced, that the product is not durable, that Arnco "throws a product together in a hurry because they are losing market share" with "no research" and that Arnco is using a "smoke and mirrors approach," among other disparaging statements.

19.     A true and correct copy of Postle's Letter is attached hereto as Exhibit B.

20.     Upon information and belief, the Letter was widely disseminated by Postle and was republished by its recipients. Postle knew or should have known that the recipients of the letter would republish the disparaging statements, and even encouraged others to further disseminate the Letter.

21.     Beginning on March 23, 2010, Arnco began receiving communications from applicators and end users advising Arnco that they and others had received the Letter. Arnco's competitor, Tuboscope, also advised Arnco of its receipt of the Letter. Upon information and belief, the Letter was disseminated widely to individuals in the drilling industry because Postle intended to harm Arnco's business reputation for its own benefit, the end result being that Arnco's customers would purchase hardbanding from Postle rather than Arnco.

22.     Upon information and belief, the statements made in the Letter have and will damage Arnco's reputation in the drilling industry and have caused a loss of sales of Arnco's products because customers have instead purchased products from Postle, thereby causing Arnco to lose money and unjustly enriching Postle. On this date, the total loss to Arnco is unknown.

V.

## BUSINESS DISPARAGEMENT

23.     The facts set forth above are incorporated by reference as if fully set forth herein.

24.     Postle made false and disparaging statements about Arnco's economic interests, including but not limited to the defamatory statements identified above, that constitute business

5

disparagement. Postle's statements were published to Arnco's applicators, customers and competitors. Upon information and belief, Postle made the disparaging statements to induce Arnco's customers and other clients to divert business from Arnco.

25. Postle published the accused statements with malice and without privilege.

26. Postle's false statements have and will cause Arnco special damages including but not limited to monies from clients' business that Arnco would have made but for Postle's business disparagement. Postle's false statements have and will injure Arnco's reputation and goodwill among its former, existing and prospective clients, and jeopardize negotiations with current business relationships and future business relationships, for which damages are sought. While money damages are warranted because Arnco has lost sales, money damages would be inadequate to compensate for the complete loss Arnco will continue to suffer in the event Postle continues its campaign to defame Arnco as set forth below.

VI.

## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

27. The facts set forth above are incorporated by reference as if fully set forth herein.

28. Arnco had business relationships, including but not limited to business relationships that had not yet been reduced to contract and continuing business relationships that were not formalized by a written contract with numerous customers.

29. Postle intentionally interfered with the formation and continuation of Arnco's business relationships by publishing false and defamatory statements about Arnco and its products. Postle's statements were independently tortious as set forth above.

30. There was a reasonable probability that Arnco's customers would have continued their business relationships with Arnco, and additionally, there was a reasonable probability that

5781800v.1

Arnco would have entered into business relationships with these and other clients to sell products. This is especially true since Arnco had an on-going business relationship with many of these customers. Postle's conduct as described herein was designed to and did result in intentional interference with the relationships between Arnco and these customers and/or potential customers.

31.     As a proximate result of Postle's conduct set forth herein, Arnco has suffered damages in excess of the minimal jurisdiction limits of this Court.

32.     Moreover, Postle's outrageous and malicious conduct as set forth above warrants an award of exemplary damages.

## VII.
## FALSE ADVERTISING

33.     The facts set forth above are incorporated by reference as if fully set forth herein.

34.     Postle made false statements of fact about Arnco's products in commercial advertisements, as set forth above.

35.     These statements actually deceived or have a tendency to deceive a substantial segment of their audience, and the deception is likely to influence a purchasing decision.

36.     Postle caused the statement to enter interstate commerce, and Arnco has been or is likely to be injured as a result.

37.     This conduct by Postle is a pattern and practice that Postle uses against Arnco and at least one other competitor. Postle's conduct warrants an award of attorneys' fees and costs.

## VIII.
## UNJUST ENRICHMENT

38.     The facts set forth above are incorporated by reference as if fully set forth herein.

7

578180Bv.1

39.    Postle unjustly received benefits in the form of new sales at the expense of Arnco through its wrongful conduct, including Postle's business disparagement, false advertising and interference with Arnco's business relationships.

40.    Postle unjustly retained these benefits at the expense of Arnco. Allowing Postle to retain the benefits received as a result of their wrongful acts would unjustly benefit Postle at Arnco's expense.

41.    Arnco is accordingly entitled to disgorgement of such gains to the extent Postle has been unjustly enriched at Arnco's expense.

## IX.
## APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION AND PERMANENT INJUNCTION

42.    The facts set forth above are incorporated by reference as if set forth fully herein.

43.    Pursuant to Texas Rule of Civil Procedure 680 et seq., the Texas Civil Practices and Remedies Code 65.001 et seq., and 15 U.S.C. § 1116 Arnco seeks a temporary restraining order, temporary injunction and permanent injunction as described herein.

44.    As a direct and proximate result of Postle's conduct described above, Arnco has suffered damage to its reputation and lost uncertain and possibly indeterminable amounts of money. On this date and considering the nature of Postle's activities, including the potential for republication of the Letter, the total loss to Arnco cannot be accurately measured. Furthermore, unless Postle is enjoined as requested herein, Arnco will suffer further irreparable harm, for which it has no adequate remedy at law. Postle's conduct is without right or entitlement.

45.    For the harm and loss suffered by Arnco, and for the harm and loss that will continue but for the intervention of the Court, Arnco has no adequate remedy at law. If Postle, or anyone acting on its behalf or at its direction is permitted to continue to disparage Arnco, Postle will have profited by its own wrong, resulting in immeasurable damages to Arnco that are

8

unpredictable, uncertain and unending.   Unless restrained as requested herein, there exists substantial risk that Postle will be unable to answer in money damages.

46.   Unless Postle is enjoined from further defamation and disparagement of Arnco, Arnco will be irreparably harmed by:

(a)   Loss of customers to a direct competitor of Arnco;

(b)   Loss of confidence and trust of customers;

(c)   Loss of goodwill and loss of reputation; and

(d)   Present economic loss, which is uncertain at this time, and future economic loss, which is presently incalculable.

47.   Arnco has no adequate remedy at law and is at risk of immediate and irreparable harm. The balance of equities requires the issuance of a temporary restraining order.

48.   Greater injury will be inflicted upon Arnco by the denial of temporary injunctive relief than would be inflicted upon Postle upon the granting of such relief.

49.   The granting of injunctive relief will restore the parties to the status quo as it existed prior to Postle's wrongful conduct.

50.   The injunction sought by Arnco is reasonably suited to abate the wrongful activity identified herein.

51.   Arnco is likely to succeed on the merits of the lawsuit, as set forth above

52.   The requested injunction will not disserve the public interest.

53.   For the reasons stated in this pleading, it is essential that this Court immediately and temporarily restrain and enjoin Postle and anyone acting on its behalf or at its direction from the following conduct:

(a)   Any further distribution of the Email and the Letter; and

(b)   Continuing to communicate false and disparaging statements about Arnco.

9

5781800v 1

54. For the reasons stated herein, Arnco requests that a temporary restraining order and a subsequent temporary injunction be entered to enjoin Postle from undertaking the conduct described herein and that a permanent injunction be entered upon the trial of this matter.

55. Arnco is willing to post a bond as required by the Court.

## X.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Arnco respectfully requests that:

1. Postle be cited to appear;

2. A temporary restraining order and temporary injunction be issued enjoining Postle from:

      (a)    Any further distribution of the Letter or the Email; and

      (b)    Continuing to communicate false and disparaging information about Arnco.

3. Mandatory injunctive relief requiring Postle to send a retraction to all recipients of the Letter.

4. A permanent injunction be ordered on final trial of this cause enjoining Postle from the conduct described above in paragraph 2 of this Prayer;

5. Arnco have Judgment against Postle for monetary damages as set forth herein;

6. Arnco have Judgment against Postle for exemplary and/or punitive damages as determined by the trier of fact;

7. An award of attorneys' fees and costs;

8. Arnco recover such other and further relief, at law or in equity, to which it may be justly entitled.

5781800v.1

Certified Document Number: 45065665 - Page 10 of 11

Respectfully submitted,

JACKSON WALKER L.L.P.

*/s/ Glen M. Boudreaux*
Glen M. Boudreaux
State Bar No. 02696500
Telephone: 713-752-4404
Crystal J. Parker
State Bar No. 24051432
Telephone:713-752-4217
1401 McKinney, Suite 1900
Houston TX 77010
Fax: 713-754-6712

ATTORNEYS FOR PLAINTIFF ARNCO
TECHNOLOGY TRUST LTD.

5281800v.1

11



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this  April 16, 2010

Certified Document Number:      45065665 Total Pages: 11

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

Filed 10 April 15 P5:07
Loren Jackson - District Clerk
Harris County
ED101J015745594
By: adillani a. solis

EXHIBIT "A"

Certified Document Number: 45065666 - Page 1 of 3

5781800v.1

**From:** John Postle [mailto:jgpostle@postle.com]
**Sent:** Wednesday, March 03, 2010 11:12 AM
**To:** Day, Scott W
**Cc:** Nigel Speedy
**Subject:** Duraband VS. 300XT update

Scott,

In addition to the New Re-application Certification and report that I sent you, I thought I would give you the latest update on the progress being made with Duraband NC.
This is a photo of hardbanding, taken after drilling...of Duraband and 300XT.
Note the pieces of metal falling out of 300XT. Duraband is wearing very well. No Cracking...No pieces coming off.
Very easy to rebuild. This was from Brunei.

John Postle
Postle Industries
216-265-9000
www.hardbandingsolutions.com

tified Document Number: 45065666 - Page 2 of 3

4/8/2010



==================================
CONFIDENTIAL & PRIVILEGED COMMUNICATION

The information contained in this message is privileged, confidential, and protected from disclosure.
This message is intended for the individual or entity addressed herein.
If you are not the intended recipient, please do not read, copy, use or disclose this communication to others.
Also please notify the sender by replying to this message, and then delete it from your system.
The sender totally disclaims, and will not accept, any responsibility or liability for the unauthorized use,
or the consequences of any unauthorized use, of this communication or message.

4/8/2010



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this April 16, 2010

Certified Document Number:   45065666 Total Pages: 3

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

Filed 10 April 15 P5:07
Loren Jackson - District Clerk
Harris County
ED101J015745594
By: adiliani a. solis

EXHIBIT "B"

Certified Document Number: 45065667 - Page 1 of 2

5781800v.1



# POSTLE INDUSTRIES, INC.

P.O. Box 42037 • Cleveland, Ohio 44142
Fax: 216-265-9030 • Phone: 216-265-9000 • Toll Free: 800-321-2978
E-Mail: sparky@postle.com • Web Site: www.postle.com

March 18, 2010

To our Technical Centers

Generally, I have no problem with competition. That's what being in business is all about. That's how good products get better...through competition. However, when a company introduces a product to the drilling industry, which is "the most technical industry" I have ever been involved with, and chooses to mislead the industry, I must speak up.

As you are aware, ARNCO has released supposedly a new product -- 150XT. Their CD says "they lead, others follow". This is curious since the 150XT is obviously ARNCO's answer to Duraband NC -- non-cracking and rebuildable, with easier weldability. Who is following who? For years we hear the best product on the market is 300XT – the most durable. But we also know many of the issues with 300XT, especially on re-application.

Now suddenly, 150XT is the answer. ARNCO states it is "the most technologically advanced". How can that be when they use an old test that is not around anymore. Amazingly, ARNCO has results from the DEA42 study which was 13 years ago. Giving them the benefit of the doubt, maybe it was not tested during the DEA42 study 13 years ago, but perhaps it was tested on the same equipment....but that means most likely 3 to 5 years ago. Even if they have done the more recent and current "Casing Wear Test" at Mohr Engineering, the fact that they have results from a previous DEA42 Mauer Engineering Test, that cannot be done anymore, is a sure indication that 150X is an old product. Again, how can an old product be the most technologically advanced?

Furthermore, if a company is going to make a new product that is supposed to be the most advanced, why does the product have to be a step back. Their CD states "150XT is NOT as durable as 300XT". The abrasion resistant tests that ARNCO uses – G65 wear test - confirms that the wear resistance of 150XT is not that good. Why does durability have to be sacrificed. This is typical of a company who throws a product together in a hurry because they are losing market share. No research. They did it with 200XT, then 100XT...300XT...and now 150XT.

My opinion - at this point - is that it is an old product. Could be 5 years...could be 13 years. Just don't know. They took an old product off the shelf in a desperate attempt to keep their business. The wear resistance is not that good. They reference the DEA 42 Casing Wear Study which took place in 1997. The new Mohr Test is more aggressive than the Maurer Test or (DEA 42 Test).

Frankly, I am surprised that they would mislead the industry, referencing old data and testing that is simply not applicable anymore. But...so be it. They have chosen to use "smoke and mirrors approach". Almost like "Car Salesman".

The Drilling Industry is a technical industry. They will not fooled.

Regards

John Postle
Postle Industries
216-265-9000
www.hardbandingsolutions.com



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this April 16, 2010

Certified Document Number: 45065667 Total Pages: 2

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com



