IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARNCO TECHNOLOGY TRUST LTD., | § § § | |
| Plaintiff, | § | |
| V. | § § § § § § | Civil Action No.: 4:10-cv-01962 |
| POSTLE INDUSTRIES, INC., Defendant. | | |

JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
<u>FEDERAL RULES OF CIVIL PROCEDURE</u>

1. **State where and when the conference of the parties required by Rule 26(f) was held, and identify the counsel who represented each party.**

   The Rule 26(f) conference of parties was held via telephone on Wednesday, October 6, 2010 at 9:30 a.m. Glen M. Boudreaux and Maryellen Shea attended on behalf of Plaintiff Arnco Technology Trust LTD ("Arnco"), and Curtis Collette attended on behalf of Defendant Postle Industries, Inc. (Postle").

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   None.

3. **<u>Briefly</u> describe what this case is about.**

   Arnco and Postle are direct business competitors in developing and marketing hardbanding products for the drilling industry. Arnco sued Postle for business disparagement, tortious interference with business relations, false advertising and unjust enrichment. Arnco is seeking recovery for damages to its reputation in the drilling industry and the loss of sales and goodwill among its existing and prospective clients. As a result, Arnco is seeking injunctive and monetary relief, including exemplary damages, attorney fees and costs.

4. **Specify the allegation of federal jurisdiction.**

   Postle removed this action based upon the Court's diversity jurisdiction under 28 U.S.C. § 1332.

1

5. **Identify the parties who disagree and the reasons.**

   None.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   None.

7. **List anticipated interventions.**

   None.

8. **Describe class-action issues.**

   None.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   The parties have not yet made initial disclosures required by Rule 26(a), but will do so in the time period required by Rule 26(a)(C), and not later than November 12, 2010.

10. **Describe the proposed agreed discovery plan, including:**

    A. **Responses to all the matters raised in Rule 26(f), including any agreements reached concerning electronic discovery and any disputed issues relating to electronic discovery.**

       Arnco requests that any electronically stored information be produced in a searchable text format, and that all documents produced be Bates-numbered.

       Defendant may object to producing documents in electronic format.

       Parties anticipate entering an agreed confidentiality/protective order by November 12, 2010. If the parties are unable to agree, a request for a protective order will be made to the court.

    B. **When and to whom the plaintiff anticipates it may send interrogatories.**

       Arnco will propound interrogatories to Postle following review of Postle's Initial Disclosures, on or before November 19, 2010.

C. **When and to whom the defendants anticipates it may send interrogatories.**

Postle will propound interrogatories to Arnco following review of Arnco's Initial Disclosures, on or before November 19, 2010.

D. **Of whom and by when the plaintiff anticipates taking oral depositions.**

Within the time period prescribed by the attached proposed Scheduling and Docket Control Order, Arnco anticipates taking oral depositions of Postle's corporate representatives, employees, officers, administrative staff to Mr. Postle, agents and/or contractors, Postle's expert witnesses, if any, other fact witnesses, including all recipients of Postle's disparaging statements. Because of the wide dissemination of Postle's disparaging statements, a conservative estimate of the number of depositions that Arnco will need in this action is between 10-20. Arnco is prepared to begin taking depositions in this matter within 30 days of receiving Postle's initial disclosures.

E. **Of whom and by when the defendant anticipates taking oral depositions.**

Before July 29, 2011, Postle anticipates taking oral depositions of: Arnco's company representative(s) and Arnco witnesses with knowledge of relevant facts; fact witnesses with knowledge of communications relevant to Arnco's claims; fact witnesses with knowledge of Arnco liability and damage claims and Postle's defenses.

F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Deadlines for designation of experts and production of reports will be according to the attached Proposed Scheduling and Docket Control Order.

G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

The parties anticipate taking depositions of the opposing party's experts, if any. Anticipated completion dates will be according to the attached Proposed Scheduling and Docket Control Order.

H. **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

The parties anticipate taking depositions of the opposing party's experts, if any. Anticipated completion dates will be according to the attached Proposed Scheduling and Docket Control Order.

I. **By when and to whom the parties will send depositions by written questions.**

The parties will send depositions by written questions on or before June 17, 2011, with subpoenas requesting documents relating to Arnco claims and Postle's defenses, to be served on entities in the hardband/oil drilling industry.

J. **By when and to whom will the parties propound requests for production.**

The parties will send requests for production before June 17, 2011, to the opposing party and third parties in the hardband/oil drilling industry seeking documents relating to Arnco's claims and Postle's defenses.

11. **If the parties are not agreed on part of the discovery plan, describe the separate view and proposals of each party.**

Arnco and Postle disagree on the number of depositions to be taken in this matter, and whether and when depositions should be permitted to go forward.

**Arnco's Position:**

Arnco has properly pled all causes of action asserted in this matter and should be permitted to go forward with depositions following the receipt of Postle's initial disclosures. The undisputed facts demonstrate that Postle widely disseminated false and disparaging statements about Arnco and its products. These statements were purportedly received by over 85 customers, potential customers and / or technical centers in the hardband / drilling industry. Arnco has not yet been able to discover the identity of all the recipients of Postle's defamatory communications. In fact, it is believed that neither party knows the full extent of the dissemination because at least some of the technical centers further disseminated the communications within the industry. Given the nature and severity of the disparaging remarks and the widespread dissemination, there is no question that Arnco has suffered damages as a result of Postle's conduct. Arnco has already incurred significant expenses to counteract Postle's disparaging statements. Additionally, Arnco is entitled to recover any profits Postle has gained through its disparaging statements. That Arnco may not know the scope or precise amount of its damages should not prevent Arnco from taking depositions that will allow it to discover this information. While it is difficult to predict the precise number of depositions that Arnco will require, a conservative estimate is 10-20 depositions.

**Postle's Position:**

Defendant Postle requests that the Plaintiff be required to furnish threshold or *prima facie* proof of damages prior to commencement of depositions. Postle questions whether Arnco has documents showing the damages required for the causes of action pled by

Arnco. Counsel for Arnco stated that it is Arnco's intention to take numerous depositions, as many as 10-20, both outside of Texas and outside the United States, in order to determine whether Arnco has been damaged by Postle's conduct.

Before incurring the significant expenses associated with the proposed depositions, Postle requests that Arnco be required to make a threshold or prima facie showing of business/sales/contracts allegedly lost by Arnco because of the Postle conduct in issue, including but not limited to those customers that Arnco claims were affected by Postle's conduct, and whose depositions Arnco proposes to take. Postle believes that such a showing should comprise quarterly sales data from January 1, 2009, to the present, broken out by customer. This would permit a general examination of Arnco's sales before, at the time of, and after, the Postle communications in issue. The Arnco data should include all Arnco customers for the technology in issue, so that numbers for recipients of Postle's questioned communications can be compared against customers who did not receive the Postle communications.

Arnco has pled causes of action for business disparagement, tortious interference with business relations, false advertising and unjust enrichment, all of which require that the plaintiff be able to show damages from the defendant's conduct.

Under Texas Law, business disparagement requires publication by the defendant of statements that are false, maliciously stated, not privileged and result in special damages. *Rimkus Consulting v. Cammarata, 688 F.Supp.* 2d 598, 671 (S.D. Texas [Houston]). To prove special damages, a plaintiff must provide evidence that the disparaging communication played a substantial part in inducing third parties not to deal with the plaintiff, resulting in a direct pecuniary loss that has been realized or liquidated, such as specific lost sales, loss of trade or loss of other dealings. *Astoria Indus. Of Iowa, Inc. v. SNF, Inc.*, 223 S.W.3d 616, 628 (Tex.App.—Fort Worth 2007, pet. den'd).

Tortious Interference with business relations. To establish a claim for tortious interference with prospective business relations, the plaintiff must prove that:

1) There was a reasonable probability that the plaintiff would have entered into a contract;
2) The defendant committed an intentional act with the purpose of harming the plaintiff;
3) Actual harm or damage resulted from the defendant's interference, i.e., that the defendant's actions prevented the relationship from occurring. *Rimkus @ 675; Bradford v Vento*, 48 S.W.3d 749, 757 (Tex. 2001). A plaintiff seeking to recover for tortious interference with perspective business relationships must establish proximate causation and damages with evidence rising above mere suspicion or speculation *B. Cantrell Oil Co. v. Hino Gas Sales, Inc.*, 756 S.W.2d 781, 784 (Tex.App.—Corpus Christi 1988, no writ).

    Defendant Postle will discuss with the Court the possibility of filing a Rule 12(b)(6)/Motion for Summary Judgment challenging Arnco's pleadings as to damages, which are elements of Arnco's causes of action.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    Arnco has requested and received certain business records relating to this lawsuit from third-party, Fearnley Procter.

13. **State the date the planned discovery can reasonably be completed.**

    The completion of discovery is anticipated to conform to the attached Proposed Scheduling and Docket Control Order.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The parties have met in an attempt to settle this dispute. Parties have discussed the possibility of early mediation.

15. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    Mediation, after all or substantially all discovery has been completed.

    Defendant desires early mediation and, if not successful, later mediation as noted in the Proposed Scheduling and Docket Control Order.

16. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties; joint position on a trial before a magistrate judge.**

    The Parties do not consent to trial before a Magistrate Judge.

17. **State whether a jury demand has been made and if it was made on time.**

    A jury demand was timely made.

18. **Specify the number of hours it will take to present the evidence in this case.**

    30-40 hours.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None.

20. **List other motions pending.**

   None.

21. **List issues or matters, including discovery, that should be addressed at the conference.**

   The parties believe all matters have been covered by this Joint Discovery/Case Management Plan.

22. **Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

   Arnco filed its Disclosure of Interested Persons on June 17, 2010.
   Postle filed its Disclosure of Interested Persons on June 18, 2010.

23. List the names, bar numbers, addresses, and telephone numbers of all counsel and unrepresented parties.

| COUNSEL FOR PLAINTIFF<br>ARNCO TECHNOLOGY TRUST LTD | COUNSEL FOR DEFENDANT<br>POSTLE INDUSTRIES, INC. |
|---|---|
| **Glen M. Boudreaux**<br>State Bar No. 02696500<br>Fed ID: 4168<br>Direct Tel. 713.752.4404<br>Email: gboudreaux@jw.com<br>**Maryellen Shea**<br>State Bar no. 00793948<br>Fed ID: 33905<br>Direct Tel. 713.752.4449<br>Email: mshea@jw.com<br>**Crystal J. Parker**<br>State Bar No. 24051432<br>Fed ID: 621142<br>Direct Tel. 713.752.4217<br>Email: cparker@jw.com<br>**JACKSON WALKER L.L.P.**<br>**1400 McKinney Street, Suite 1900**<br>Houston, Texas 77010<br>713.752.4200 (Tel)<br>713.752.4221 (Fax) | **Curtis Collette**<br>State Bar No. 04583000<br>Fed ID: 1401<br>Direct Tel. 713.361.2812<br>Email: collette@ramseyandmurray.com<br>**Patrick N. Smith**<br>State Bar No: 00797458<br>Fed ID: 21740<br>Tel. 713.361.2806<br>Email: psmith@ramseyandmurray.com<br>**RAMSEY & MURRAY, P.C.**<br>1500 CityWest Blvd. Ste. 1000<br>Houston, Texas 77042<br>713/613-5400<br>713/613-5414 fax<br><br>Of Counsel<br>Brian Wunder<br>OSHA LIANG LLP<br>SD Tex OD Mp/ 6252<br>TEXAS BAR NO. 22086700<br>909 Fannin St., Suite 3500<br>Houston, TX  77010<br>713-228-8600   713-228-8778 (fax)<br>wunder@oshaliang.com |
| By: /s/ [signature] | By: Curtis Collette, by permission |